**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEWPOINT FINANCIAL CORP.,

Plaintiff - Appellant,

v.

BERMUDA MONETARY
AUTHORITY; GERALD GAKUNDI, an
individual; SUSAN DAVIS-
CROCKWELL, an individual; DOES, 1
through 10, inclusive,

Defendants - Appellees.

No. 23-3197

D.C. No.
2:22-cv-08659-MCS-PVC

MEMORANDUM\*

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted December 17, 2024
San Francisco, California

Before: BEA, LEE, and KOH, Circuit Judges.

Plaintiff-Appellant Newpoint Financial Corp. appeals the district court's

order that dismissed its complaint against the Bermuda Monetary Authority

(BMA) and two of its employees on the grounds of sovereign immunity and lack

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of personal jurisdiction, respectively. We have appellate jurisdiction pursuant to 18 U.S.C. § 1291. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

We review legal questions regarding sovereign immunity *de novo*. *United States v. PetroSaudi Oil Servs. (Venezuela) Ltd.*, 70 F.4th 1199, 1206 (9th Cir. 2023). For the reasons below, we affirm entirely on the grounds that all Defendants are entitled to sovereign immunity.

1. The district court correctly dismissed Newpoint's claims against BMA on the grounds that BMA is immune from suit under the Foreign Sovereign Immunities Act (FSIA). The parties agree that BMA is an "instrumentality" of the Bermudian government presumptively subject to FSIA immunity. Such an instrumentality is immune from civil suit in U.S. courts unless one of nine statutory exceptions applies. *See* 28 U.S.C. §§ 1603(a), 1604; *Joseph v. Off. of Consulate Gen. of Nigeria*, 830 F.2d 1018, 1021 (9th Cir. 1987). Here, the exception at issue is waiver, either express or implied, and Newpoint argues that BMA's implementing statute in Bermuda either expressly or impliedly waived BMA's sovereign immunity in the courts of the United States. We disagree. "[W]e have repeatedly stated that the waiver exception to sovereign immunity must be narrowly construed." *Corzo v. Banco Cent. De Reserva del Peru*, 243 F.3d 519, 523 (9th Cir. 2001). A so-called "sue and be sued clause," even considered

alongside other provisions in BMA's implementing statute that suggest amenability to suit in Bermuda, "does not by itself evidence an intent on the part of the sovereign entity to waive immunity from suit in the United States." *Id.* Here, there is no evidence that BMA clearly intended to be subject to suit in the United States, and it is thus entitled to FSIA immunity. We affirm dismissal of Newpoint's claims as to BMA.

2. We also conclude that the individual defendants are entitled to common-law sovereign immunity under our precedents and therefore affirm the district court's dismissal of Newpoint's claims against the individual defendants.[1] We have held before that when a complaint against a foreign official asserts claims for relief on the basis of actions "done under actual or apparent authority, or color of law," the defendant official is entitled to common-law sovereign immunity. *Doğan v. Barak*, 932 F.3d 888, 894 (9th Cir. 2019) (internal quotation marks omitted). Our opinion in *Doğan* controls the outcome here. There, we concluded that "exercising jurisdiction over [the foreign official] would be to enforce a rule of law against the

---

[1] The district court concluded that the individual defendants were not entitled to common-law sovereign immunity, but dismissed the claims against the individual defendants anyway for lack of personal jurisdiction. We affirm that dismissal on the grounds of common-law sovereign immunity, and we express no view on the district court's personal jurisdiction analysis. *See Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998) ("In reviewing decisions of the district court, we may affirm on any ground finding support in the record. If the decision below is correct, it must be affirmed, even if the district court relied on the wrong grounds or wrong reasoning.") (internal quotations and citation omitted).

sovereign state," because the official's actions were taken at the direction and under authority of the sovereign itself. *Id.* Newpoint's complaint establishes that the individual defendants here also undertook the actions for which Newpoint seeks relief at the direction and under authority of Bermuda and BMA. The officials' conduct—allegedly defamatory statements—was performed within the scope of the officials' duty to investigate and take administrative action regarding foreign transactions involving Bermudian insurance companies. BMA, which is itself immune from suit as established above, must be allowed to conduct its sovereign regulatory activities without subjecting its employees to personal suit in the United States on account of statements made in the course of their work to which an American company takes exception. Exercising jurisdiction over the individual defendants in this case would therefore enforce a rule of law against Bermuda. We conclude the individual defendants are entitled to common-law sovereign immunity.

**AFFIRMED.**